# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| DENNIS TEWES, *et al.*, | § | |
| | § | |
| *Plaintiffs*, | § | |
| | § | |
| vs. | § | CIVIL ACTION H-10-1685 |
| | § | |
| GULF AIR, | § | |
| | § | |
| *Defendant*. | § | |

## Memorandum and Order

Before the court in this removal action are several motions.  After a review of the motions, the responses, the additional filings, and the applicable law, and for the reasons set forth in more detail below, the court concludes that plaintiffs' motion for reconsideration of the court's order denying remand (Dkt. 20) is GRANTED.   Defendant Gulf Air's motion to dismiss for lack of subject matter jurisdiction (Dkt. 14) and plaintiffs' motion for leave to amend their complaint to include a claim under the Montreal Convention[1] for damages for delay in an international flight (Dkt. 21) are DENIED AS MOOT.

### BACKGROUND

Plaintiffs Dennis and Somruedi Tewes purchased tickets from Gulf Air on June 22, 2008, for a July 16, 2008, flight from Bahrain, Kingdom of Bahrain, to Dubai, United Arab Emirates, in business class.  (Dkt. 1-1 at 4).  Gulf Air cancelled the flight, and arranged for plaintiffs to take another flight that same day, but plaintiffs were seated in coach for the replacement flight as there were no business class seats available.  *Id.* at 5.  Plaintiffs allege that, in return for their agreement

---

[1]    The Convention for the Unification of Certain Rules for International Carriage by Air, Done at Montreal on 28 May 1999 ("Montreal Convention"), reprinted in S. Treaty Doc. 106-45, CCH Av. L. Rep. ¶ 27,400-59, 1999 WL 33292734.

to accept coach class tickets, Gulf Air's supervisor told plaintiffs they could use their business class tickets at a later date. *Id*. When plaintiffs attempted to use the tickets, Gulf Air refused. Plaintiffs sought, in the alternative, a refund of the ticket price ($1,040.20), or at least a refund of the difference in price between the business class tickets they purchased, and the coach flight they were provided ($684.00). *Id*. at 5-6. Gulf Air offered what it maintained was the difference in price, $192.92, but plaintiffs rejected that amount as insufficient. *Id*.

Plaintiffs filed an original petition in the Justice Court Precinct 1, Place 2, Harris County, Texas, on March 19, 2010, seeking damages for breach of contract. Dkt. 1-1. More specifically, plaintiffs alleged that Gulf Air refused to honor their agreement to permit plaintiffs to use their business class tickets on a future flight. *Id*. Gulf Air removed the case on May 11, 2010, asserting federal question jurisdiction on the basis that plaintiffs' claims arise under and are governed by the provisions of the Montreal Convention. Plaintiffs moved to remand, asserting that claims for breach of contract alleging non-performance are not covered under the Convention and, accordingly, are appropriately adjudicated in state court. Dkt. 7. Gulf Air responded that plaintiffs' claims are premised upon international carriage, and are, in effect, claims arising from a delay that must be brought pursuant to the Montreal Convention. Dkt. 10. The court denied the motion to remand without analysis. Dkt. 11.

Gulf Air, having removed the case on the basis that plaintiffs' state law claims must arise under the Montreal Convention, now moves to dismiss on the basis that this court lacks subject matter jurisdiction. Dkt. 14. Gulf Air argues that this court is not an approved forum for litigation of the claims made against it under the Montreal Convention. Plaintiffs respond, and again urge that their claim is for non-performance of a contract of carriage and is, therefore, not covered under the

Montreal Convention, and the motion to dismiss should be denied.  Dkt. 19.  For the same reason, plaintiffs assert that the court should reconsider its earlier order, and remand this case to the state court.  Dkt. 20.  In the alternative, plaintiffs assert that if removal was appropriate because their claim arises under the Montreal Convention, then they should be permitted to amend their complaint to explicitly state such a claim.  Dkt. 21.  Gulf Air objects, asserting that it would be prejudiced by this late amendment.  Dkt. 25.[2]

**ANALYSIS**

**1.      Motion for Reconsideration.**

The Montreal Convention applies to claims made against airlines by passengers for claims arising from international air travel, and provides the exclusive remedy to the extent to which plaintiffs' claims are within the Convention's scope. See *El Al Israel Airlines, Ltd. v. Tseng*, 525 U.S. 155, 160-61, 119 S.Ct. 662 (1999).  Thus, where a passenger alleges state law claims for breach of contract, such as a claim for excess baggage fees, the Montreal Convention has been found to be the sole basis for seeking a remedy, and provides a basis for removing that claim to federal court, because the Convention expressly provides a remedy for such claims.  *Mbaba v. Societe Air France*, 457 F.3d 496, 500 (5th Cir. 2006).

Gulf Air removed this case from the state court on the basis that plaintiffs' claim arises under the Montreal Convention, even though the underlying state court petition did not invoke the

---

[2]      This assertion would seem to be odds with Gulf Air's argument in favor of removal; that plaintiffs engaged in "artful pleading" to avoid invoking the Montreal Convention in the first instance. Dkt. 10.  The court need not reach the amendment issue, however, since it grants reconsideration of the remand issue.

Montreal Convention.  Preemption under the Montreal Convention is governed by Article 29, which

provides in relevant part:

> In the carriage of passengers, baggage and cargo, any action for damages, however
> founded, whether under this Convention or in contract or in tort or otherwise, can
> only be brought subject to the conditions and such limits of liability as are set out in
> this Convention . . . .

Convention for Unification of Certain Rules for International Carriage by Air, Done at Montreal on

28 May 1999, reprinted in S. Treaty Doc. No 106-45, 1999 W.L. 33292734 at *50 (2000) (entered

into force Nov. 4, 2003) ("Montreal Convention") .  In this case, Gulf Air asserts that Article 19 of

the Convention applies and precludes plaintiffs from asserting a state law claim for breach of

contract:

> The carrier is liable for damage occasioned by delay in the carriage by air of
> passengers, baggage or cargo.  Nevertheless, the carrier shall not be liable for damage
> occasioned by delay if it proves that it and its servants and agents took all measures
> that could reasonably be required to avoid the damage or that it was impossible for
> it or them to take such measures.

*Id*. at *46.  Plaintiffs respond that they are not seeking damages arising from a delay in their flight.

Rather, plaintiffs' flight was cancelled and they were promptly provided with an alternate flight that

left that same day.  Dkt. 19 ¶ 30.  Rather, plaintiffs had no complaint until more than a month after

the flight was completed when Gulf Air refused to honor its alleged agreement to permit plaintiffs

to reuse their business class tickets.  *Id*. ¶ 27.

   In interpreting the preclusive effect of the Convention's "delay" provision, some courts have

made a distinction between claims for breach of contract that arise from the delay itself, and contract

claims that arise from a complete non-performance of the agreement to transport the passenger.  *Atia*

*v. Delta Airlines, Inc*., 692 F.Supp.2d 693, 699-701 (E.D. Ky. 2010) (collecting cases).  In *Atia*, the

4

plaintiff was involved in an altercation prior to her flight, and the airline then refused to transport her.  The court determined that the Convention did not preempt this claim, and found the situation most analogous to *Wolgel v. Mexicana Airlines*, 821 F.2d 442 (7th Cir. 1987), where passengers were "bumped" from a flight, and were then not offered any other transportation.  The *Wolgel* court concluded that this was not a claim arising from "delay" that is covered by the Warsaw Convention (later replaced by the Montreal Convention), but was, instead, an issue of non-performance that does not arise under the Convention because the plaintiffs "never left the airport."  *Id*. at 445.

The Court of Appeals for the Fifth Circuit has not addressed this specific issue, but several federal courts have remanded cases on the basis that claims for complete non-performance are not covered by the Convention's terms. See, *Nankin v. Continental Airlines, Inc.*, 2010 WL 342632 at *7 (C.D. Cal. Jan. 29, 2010) (Montreal Convention not applicable to plaintiffs' claims because plaintiff alleged "that, through its employees, Continental refused to perform the contract"); *Mullaney v. Delta Air Lines, Inc.*, 2009 WL 1584899 at *3 (S.D. N.Y. June 3, 2009) (breach of contract claim was not preempted by the Montreal Convention because plaintiff sought "damages resulting from Delta's refusal to provide him with any flight home after having taken his money for a ticket – in short, for failure to perform its obligation to provide carriage in exchange for money it had received"); *In re Nigeria Charter Flights Contract Litig.*, 520 F.Supp.2d 447, 455 (E.D. N.Y. 2007) (breach of contract claims fell outside the scope of the Montreal Convention because "the plain language of Article 19 of the Montreal Convention indicates that it governs claims for delay, not nonperformance"); *Weiss v. El Al Israel Airlines, Ltd.*, 433 F.Supp.2d 361, 369 (S.D. N.Y. 2006) (plaintiffs' claims not preempted by the Montreal Convention because they were "grounded in a cause of action for non-performance of a contract and not delay").

5

In this case, plaintiffs are not asserting a claim within the Convention's coverage. They do not assert that they suffered damages arising from a delay in transportation. Indeed, it does not appear that they suffered any actual delay. Rather, the claim raised in the state court involves a complete refusal by Gulf Air to transport plaintiffs more than a month removed from the cancelled flight that Gulf Air relies upon to invoke preemption. Therefore, this is a situation, like *Atia* and *Wolgel*, where plaintiffs are not asserting a claim for delay that is covered under the Convention, but are, instead, alleging complete non-performance of a contract for carriage. This claim falls outside of the Convention's provisions, and is not preempted. Hence, the court finds that its prior ruling should be set aside. Plaintiffs' motion seeking reconsideration of the order denying their motion to remand (Dkt. 20) is GRANTED, and this case is REMANDED to the state court.

**2.      Remaining motions.**

Having concluded that this case is not properly before the court, and that the matter is remanded to the state court, the parties' remaining motions seeking dismissal for lack of subject matter jurisdiction (Dkt. 14), and to amend the complaint (Dkt. 21), are DENIED AS MOOT.

It is so ORDERED.

Signed at Houston, Texas on February 10, 2011.

_____
Gray H. Miller
United States District Judge

6